Please. Next case of the morning is number 17, 11234 Patel v. Texas Tech University. Mr. Hudson. Good morning. May it please the court. I understand from a filing last evening that Mr. Patel's his breach of contract claim. While there is disagreement on my side about whether that's effective to actually dismiss the claim, I believe the concession is sufficient to actually remove the need to discuss it at great length with this court. What issue are you removing? The very first issue, your honor, that 11th Amendment immunity bars the breach of contract claim by... Okay, he's conceding that. That's my understanding from what was filed last night with you. You don't like the way the judge handled qualified immunity, right? That's correct, your honor. Well, let me make a long story short here. This judge, you know, this is a very experienced judge. He knows the ropes on qualified immunity. All you're asking us to do is, I take it is, admonish him that, yes, you have the right to claim qualified immunity on the pleadings, at which point your clients will probably lose because he will say, under Lyon-Bolos, they have the right to conduct discovery. What else do you want us to say? What I would like for this court to say is that the court actually has to reach the question of qualified immunity on the pleadings. Well, but you didn't even argue that qualified immunity is justified on the pleadings of this case. Well, actually, your honor, we raise qualified immunity at the pleading stage. I understand that, but you did not brief it on appeal. That's right, your honor, because this court has said repeatedly that it does not decide in the first instance qualified... Pleadings or pleadings, 12B6 or 12B1, pleadings. Understood, your honor, but this court said both in Zabata v. Melson, it said in Bakke v. LeBlanc, it recently said in Randall, that it does not address in the first instance the qualified immunity analysis. There was no qualified immunity analysis in the court analysis of qualified immunity. It then made little sense to bring for the first time the qualified immunity analysis for this court. I'm not sure that the factual posture, from what I remember, I did not go back, I should have, but I'm not sure that the factual posture of those cases is precisely analogous. But anyway... Why don't you tell us specifically how you would to say to the district courts specifically? What I'm asking for the Fifth Circuit to decide is that the court should have conducted the qualified immunity analysis at the pleading stage, meaning the court should have gone through the two-step procedure that this court has laid out most recently in a published opinion in Zabata v. Melson that said the court must first determine whether on the face of the pleadings that the plaintiff has pled a case that both states a with equal specificity. That did not happen in this case. Well, let me ask, why didn't you move for reconsideration with the district court and say, Judge, don't you mean the discovery should be limited to qualified immunity? Why couldn't you have done that? My colleague actually did move for reconsideration of the qualified immunity issue, Your Honor. And after that happened, the court still denied that motion. And then in denying the motion to stay proceedings below as to the official capacity piece, clarified in his order, I believe it's record on appeal at 401 through 02, clarified that he did not believe that qualified immunity was proper short of a summary judgment motion because that is his normal procedure. And the problem that we have here is we have four individual capacity defendants who are now going to be drawn into discovery in this case if this court does not send it back down for the court to actually address. Oh, we'll send it all right. We'll send back down already. But I just have the feeling that, I mean, you know, we can we can issue the order that I described at the beginning. But it seems it seems it will be hard to do that without adopting an overbearing tone. Understood, Your Honor. But what else do you have to argue to us? Well, what I would argue to this court is that because qualified immunity was not addressed and there was actually a scheduling order that was issued in this case that opened up full discovery as of the denial of the motion. Even if the court would find that while we need a little discovery, the court is required to at least limit it to qualified immunity issues and not just say it's open season discovery now. That's precisely correct, Your Honor. In this case, that didn't happen. The district court issued a scheduling order record on appeal at 327. The court then denied the motion to dismiss and pursuant to the order that the court issued, without further action by the district court, discovery was now open full blown pursuant to the scheduling order. Has it occurred? Discovery? Well, at a minimum, we've already had an injunction hearing. So to a certain extent, it has occurred. We've already had to have testimony from at least one of the individually named defendants at the injunction hearing to decide the official capacity piece of this case. Well, that would have happened regardless, but the district court has stayed the case pending this appeal. Well, it's only stayed the individual capacity piece of this case. The official capacity piece is still ongoing. Well, there's nothing wrong with that. Well, actually, Your Honor, that's not briefed in our opinion, but I think the Supreme Court said in Ashcroft v. Iqbal that it's of no consolation to say that individual capacity defendants are allowed to be removed from the discovery process while the case is proceeding. There's damage that is done to individual capacity defendants if a case is allowed to proceed full blown. Well, excuse me, but I'd have to look back at Ashcroft, and I didn't recall that at all, but my point is that because of that, you probably have a stronger case for immunity on remand because having had this testimony come out at the injunction hearing, all you have to do is refer to that and move for summary judgment. Well, unfortunately, Your Honor, that may be what happens ultimately because we were denied qualified immunity in the first instance because the court declined to rule, and as it stands now, if this court takes no action, we will go back down to full blown discovery in the district court. If we send it back, the court will presumably follow whatever directive we give, and if we say you do have to, you don't have to wait for summary overcome qualified immunity, and if they do, then you can allow limited discovery directed to the qualified immunity. If they don't, you've got to dismiss, and that's what you're asking us to say. That's precisely what I'm asking the court to say, Your Honor. Is there anything else we need to know? Not on the qualified immunity piece. I would add on the Eleventh Amendment piece of this case, it's not clear to me that the letter that was filed with the Fifth Circuit last night actually dismisses the breach of contract claim to the extent that it doesn't if this court still feels the need to rule. I would ask that the court, based on... Well, it says hereby moves the court to voluntarily dismiss without prejudice this claim for breach of contract. What is confusing about that? Well, I don't know if procedurally if that's adequate for this court. Assuming that it is, then there's no further argument required. Okay. So is there anything left of the official claim without, assuming this letter is good enough? Assuming this letter is good enough, the breach of contract claim is dismissed and it's gone. That should not go back down to the Fifth Circuit. So all we have is the qualified immunity. That's correct, Your Honor. Okay. If there are no further questions from the court, I'll be of my time. Thank you. Mr. Bach, what more do you have to argue? May it please the court, Jason Bach on behalf of the appellee. The only thing I have to add that was not addressed necessarily in the briefs at length is the district court's order denying the motion to stay discovery. In fact, in that order, he explains his rationale more so on the qualified immunity than he does in the... Fortunately, my bench book has a copy of Backe versus LeBlanc, and I find it very difficult to distinguish this case from Backe. So unless you have some way to distinguish it... The only thing I was going to add is that all the judge says is that he wants a motion for summary judgment. He doesn't say go out and do a bunch of discovery, spend a bunch of money litigating this case. All he says is file... Yeah, but he doesn't really get to say that because the law is supposed to decide it in the first instance, and you only deny the motion to dismiss if the complaint on its face overcomes the defense of qualified immunity. So while his it in the law. So I mean, I appreciate that he's a seasoned judge and all of that, but seasoned judges make mistakes too, and this just strikes me as you don't get to decide a procedure that's already been decided. I certainly believe that this judge had everything in front of him to make a decision on the merits of this issue in our favor. Unfortunately, he did not do that, but I also don't think that it's a burden on the defendants to simply file an answer and file a motion for summary judgment. As Judge Jolly pointed out, there has been testimony in this case. There is evidence that's been out there for more than six months. Yes, but once you file a motion for summary judgment, you say there's no evidence, then you say, or you should say, well, I need discovery. I need to oppose John and Jane and Mary. And then you're in this goo that the defense of qualified immunity is designed to avoid. So that's why we say, no, you have to something that needs discovery, then you, the district court, need to put some guidelines on that and some parameters around that instead of the usual somewhat unrestrained discovery process. And I understand that that is how it's usually done, Your Honor. As I read back, it also says that before the court orders tailored discovery concerning immunity, it has to first find that the plaintiff pleaded sufficient facts to overcome a qualified immunity defense. And the court did not make that ruling. Right. But unlike what the appellants are pointing to in Zapata, he also didn't say that he wasn't going to make that analysis. All he said was that he wanted it done in a different way. All right. Well, we've heard enough, frankly. I mean, you know, you're not losing anything. I'm sorry it took an appeal to get to this, but it did. Thank you, Your Honor. All right. Thank you. Final case of the morning is number 17-30783.